ROSS v. ALKER, Appellant

---

(July 14, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Builders and Buildings—Par. 8.**
When a contractor proposes to furnish and install a certain heating system with designated radiators in specified rooms he cannot be held to a guarantee that the system will give any particular degree of heat.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by Charles W. Ross, Jr., against Clarence H. Alker.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. A. Colongne, of New Orleans, attorney for plaintiff, appellee.

Wm. H. McClendon, Jr., of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit on a plumbing bill.

The plaintiff alleged that on July 24, 1925, he made two written contracts, copies of which are in the hands of the defendant, to do certain plumbing and heating work on the defendant's premises 1214-16 Peniston Street, for the price of $1,955 on account of which $1,800 have been paid, leaving a balance due of $155; that plaintiff has done the work according to a contract and the defendant has accepted it, but refuses to pay the balance.

Defendant admitted the written contracts which spoke for themselves, and the payment of $1,800, but denied all the other allegations of the petition.

And assuming the character of plaintiff in reconvention defendant, in ten solid paragraphs, alleged that the plaintiff was indebted to him in the sum of $300 for this:

That the contract has not been completed in a workmanlike manner by the plaintiff in the following particulars:

1st. That there was a leak in the pipe in the walls which ran under the hardwood floor and caused it to buckle which it would cost $25 to repair.

2nd. That the vents attached to the water heater were faultily installed by the plaintiff and caused the house to catch fire; that the plaintiff changed the installation, but in so doing placed · said vents out in the weather where they will rust, instead of inside of the walls, which it will cost plaintiff $31 to do.

3rd. That the amount of radiation in the building was less than the minimum requirements of the cubical contents of said building with the result that it is impossible to heat the building to the proper temperature of 70 degrees as stipulated in the specifications and general knowledge, and that it will cost $356 to have additional radiators added.

4th. That the plaintiff failed to paint the radiators which would cost $25.

5th. That the pipes under the house are improperly installed in that the water will not run out when the drain cocks are opened to prevent freezing which will cost $10 to repair.

6th. That it has been necessary for him to employ an attorney at a cost of $50.

Making a total of $491; after crediting said amount by $155, balance of the contract price, left a balance of $336; of which the plaintiff temporarily foregoes $36 for the purpose of remaining within the jurisdiction of this court.

In a supplemental answer the defendant admitted that he had "in his possession two written offers appearing to be written by the plaintiff to the defendant which set out certain conditions and prices" which the defendant would produce at the trial.

There was judgment for plaintiff for $114 dismissing the reconventional demand.

The defendant alone has appealed.

1st. Pipe in wall leaked. The judgment allowed a reduction of $25 for that item.

2nd. Vents faultily placed set fire to house. The damage was repaired for $5 which the judgment allowed.

3rd. Insufficient radiation. The testimony upon this point is verbal. Defendant produced certain specifications upon which he says plaintiff bid. Plaintiff denies this. He says he saw no specifications for the heating, only for the plumbing; at any rate he can be held only for what his offer or promise contained.

His offer reads as follows:

7-24-25
Mr. Clarence Alker,
Dear Sir:
I propose to furnish all labor and material necessary to install in Duplex apartment which is to be built by you an Arcola Hot Water Heating system for the sum of Nine Hundred and ninety dollars $990.00. The following rooms in each apartment to be heated: Living rooms, bed rooms, and dining rooms. App radiators under windows to be 3 Col 26 Peerless radiators. All other radiators 3 Col 38 Peerless etc.

                    Respectfully
          (signed) Charles W. Ross, Jr.

It seems, however, that the defendant had specifications prepared for the heating system, and that these specifications contained the following clause:

Guarantee: "Contractor shall furnish guarantee that Heater will heat building for 9 temperature to 70 degrees."

Plaintiff denies that he saw the specifications for the heating. But if he did it does not appear that he bid in accordance with them. He is bound only by the bid which he made and which we

have copied above. In State ex rel Ringe vs. Madison Lumber Co., No. 10,235, we said:

"When a contractor submits to lumber dealers a list of lumber wanted specifying quality and grades, and a lumber dealer makes a bid differing in some respect from the contractor's list and his bid is accepted, the rights of the parties are governed by the bid."—C. C. 1805-1807.

The plaintiff said: "Mr. Alker met me on the street and he told me to proceed with the work."

The defendant had no contractor, but built the house himself; he is in the export business.

Plaintiff's bid does not refer to any specifications, and he swears he saw none for the heating. We see the case as the trial judge did, that is, that the plaintiff offered to install an Arcola Hot Water Heating apparatus with certain radiators in certain rooms, and no more.

4th. The plaintiff painted the radiators. But the defendant wanted them painted inside, W. J. Quinlan, defendant's expert, testified that radiators are not painted inside.

5th. The drain pipes under the house were repaired by Quinlan and the amount was allowed in the judgment.

6th. There is no law for granting attorney's fees for prosecuting or defending suits, except for setting aside conservatory writs.

The judgment has reduced the plaintiff's claim by allowing the cost of making certain repairs and alterations. Upon the whole we see no error in the judgment, which is therefore affirmed.